UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

ANTHONY V. SEMLER, and
RAQUEL L. DIETRICH
           Debtors.

_____/

ANTHONY V. SEMLER and
RAQUEL L. DIETRICH,

              Plaintiffs,

v.

CONSUMERS ENERGY COMPANY,

              Defendant.

Case No. 16-02499
Chapter 13
Hon. John T. Gregg
Filed: May 3, 2016

Adv. Pro. No.

_____

## ADVERSARY COMPLAINT ON THE DEBTORS' OBJECTION TO CLAIM #1 BY CONSUMERS ENERGY AND COUNTERCLAIM FOR DAMAGES

The Debtors/Plaintiffs (collectively "Debtors"), Anthony V. Semler and Raquel L. Dietrich, by and through their attorneys at the Dietrich Law Firm, hereby file this Adversary Complaint/Counterclaim for Damages and complain and allege as follows:

### INTRODUCTION

1. This is an adversary proceeding and counterclaim to enforce the Debtors' right to recover damages from the Defendant, Consumers Energy Company ("Consumers Energy"), for the negligence of its agents and employees which were the direct and proximate cause of injury to the Debtors person and property.

### JURISDICTION AND VENUE

2. The Debtors fully incorporate paragraph 1.

3.  This adversary proceeding constitutes a core proceeding that is related to the above-captioned Chapter 13 case now pending in the United States Bankruptcy Court.  28 U.S.C. § 157(b)(2)(A), (C).

4.  Jurisdiction is proper under 28 U.S.C. § 157(a) and 28 U.S.C. § 1334.

5.  Venue is proper under 28 U.S.C. § 1409(a) and 28 U.S.C. § 1391(b)(2).

6.  The Debtors consent to the entry of a final judgment or order by the Bankruptcy Court. LCivR 83.2(b).

## PARTIES

7.  The Debtors fully incorporate paragraphs 1 – 6.

8.  Debtor Anthony V. Semler ("Mr. Semler"), a married man and joint debtor in the above-captioned Chapter 13 bankruptcy case presently pending before this Court, currently resides at 100 N. Oakland St., Saint Johns, MI 48879.

9.  Debtor Raquel L. Dietrich ("Ms. Dietrich"), a married woman and joint debtor in the above-captioned Chapter 13 bankruptcy case presently pending before this Court, currently resides at 100 N. Oakland St., Saint Johns, MI 48879.

10. Consumers Energy is a domestic profit corporation that provides utility services in the Western District of Michigan and is headquartered in Jackson, Michigan.

## FACTUAL ALLEGATIONS

11. The Debtors fully incorporate paragraphs 1 – 10.

12. At all relevant times, Consumers Energy provided electrical service to the Debtors then residence at 3506 Dexter Trail, Stockbridge, MI 49285 ("Property").

13. At all relevant times, the Debtors resided at the Property.

14. When the Debtors first moved into the Property with their family in 2009, the Debtors received electric bills from Consumers Energy in line with what would be expected for a modest home of approximately 1,361 square feet.

15. In 2011, the Debtors began to receive electric bills from Consumers Energy that were multiple times the normal amount despite a lack of change in the amount of electricity they were actually using.

16. The Debtors disputed the charges and informed Consumers Energy of the problem on a regular basis over the course of the next several years and Consumers Energy employees came out to the home on several occasions, but Consumers Energy took no action to fix the problem.

17. On July 12, 2014, Ms. Dietrich, who at that time was pregnant, went to the first floor electrical panel to reset a breaker, and noticed it was making a slight buzzing noise.

18. Because of the noise, Ms. Dietrich did not touch the electrical panel and called over to Mr. Semler to help determine what was going on with the electrical panel.

19. As Mr. Semler approached, the buzzing noise started to get louder, and he quickly moved to try to pull Ms. Dietrich away from the electrical panel.

20. Before Mr. Semler could get Ms. Dietrich fully moved out of the way, all of the breakers were blown out of the electrical panel and Ms. Dietrich was hit with an electrical current that threw her against the wall.

21. The electrical current also caused an electrical fire that resulted in substantial damage to the Property.

22. On information and belief, it was Consumers Energy's faulty equipment was the actual and proximate cause of this incident.

23. Consumers Energy had an affirmative duty to reasonably inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects. *Schultz v. Consumers Power Co.*, 443 Mich. 445, 451 (1993).

24. Consumers Energy breached its duty of care to the Debtor prevent or reduce the risk of fire and electrocution by failing to properly investigate and repair its malfunctioning equipment after being informed by the Debtors that there was a problem.

25. Ms. Dietrich went to her OBGYN multiple times over the next few days during which time the Debtors suffered the mental anguish of wondering what affect the incident would have on her pregnancy.

26. Ms. Dietrich also suffered a broken toe as a result of the incident.

27. The electrical fire caused significant damage to the Property that took approximately six months to fully repair.

28. The Debtors were forced to live in a hotel room during the remainder of Ms. Dietrich's pregnancy, of approximately 2.5 months, while also caring for their three other children.

29. As a result, after Ms. Dietrich gave birth on September 29, 2014, the Debtors were forced to bring their newborn child back to a hotel for approximately 3.5 additional months, rather than to their own home.

30. It took 60-70 hours for Mr. Semler to restore antiques of great sentimental value that had been damaged in the electrical fire with approximately $100.00 in out of pocket costs.

31. The Debtors filed an insurance claim with Liberty Mutual. The insurance company covered damages to the Property, personal property, and for the costs of staying at the hotel, but the Debtors were forced to pay their $1,000.00 deductible. (See attached Exhibit A.)

32. Additionally, insurance did not cover the resulting pain and suffering from Ms. Semler's broken toe, mental anguish over the possibility of the electrocution injuring their unborn child, or the emotional damage and hardship from having to live in a hotel with their three young children and later an infant child for a six month period of time, or Mr. Semler having to spend 60-70 hours to restore antiques of great sentimental value.

## COUNT I: NEGLIGENCE

33. The Debtors fully incorporate paragraphs 1 – 32.

34. A power company-customer relationship existed between the Debtors and Consumers Energy as Consumers Energy acted as the power company for the Debtors at the Property.

35. A power company has a duty to reasonably inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects. *Schultz v. Consumers Power Co.*, 443 Mich. 445, 451 (1993).

36. Based on the aforementioned facts and circumstances, Consumers Energy breached their duties to the Debtors.

37. Consumers Energy's negligence was the proximate cause of the Debtor's injuries, including, but not limited to, the Debtors incurring economic and non-economic damages.

    a. Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have had to pay the expense of their $1,000.00 insurance deductible, whereas the cost of the Debtors insurance deductible was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

b.  Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, Ms. Dietrich would not have suffered the pain and suffer from a broken toe, whereas the pain and suffering from Ms. Dietrich breaking her toe was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

c.  Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the mental anguish over the possibility of injury to the Debtors' then unborn child, whereas the mental anguish over the possibility of injury to the Debtors' then unborn child was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

d.  Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the emotional damage and hardship of having to live in a hotel room for the last 2.5 months of Ms. Dietrich's pregnancy while also caring for their three other children, whereas the emotional damage and hardship of having to live in a hotel room for the last 2.5 months of Ms. Dietrich's pregnancy while also caring for their three other children was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

e.  Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the emotional damage and hardship of having to bring their newborn child back to a hotel room for 3.5 months while also caring for their three other children, whereas the emotional damage and hardship of having to bring their newborn child back to a hotel room for 3.5 months while also caring for their three other children was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

f.  Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have had $100.00 in out of pocket costs and Mr. Semler would not have spent 60-70 hours to restore antiques of great sentimental value that were damaged in the electrical fire, whereas the $100.00 in out of pocket costs and 60-70 hours of labor necessary to restore the antiques of great sentimental value was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

## COUNT II: NEGLIGENT SUPERVISION

38. The Debtors fully incorporate paragraphs 1 – 37.

39. A power company has a duty to reasonably supervise its employees, agents, and/or contractors who inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects. *Schultz v. Consumers Power Co.*, 443 Mich. 445, 451 (1993).

40. Based on the aforementioned facts and circumstances, Consumers Energy breached their duties to the Debtors.

41. Consumers Energy's negligence was the proximate cause of the Debtor's injuries, including, but not limited to, the Debtors incurring economic and non-economic damages.

    a. Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have had to pay the expense of their $1,000.00 insurance deductible, whereas the cost of the Debtors insurance deductible was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

    b. Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, Ms. Dietrich would not have suffered the pain and suffer from a broken toe, whereas the pain and suffering from Ms. Dietrich breaking her toe was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

    c. Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the mental anguish over the possibility of injury to the Debtors' then unborn child, whereas the mental anguish over the possibility of injury to the Debtors' then unborn child was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

    d. Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the emotional damage and hardship of having to live in a hotel room for the last 2.5 months of Ms. Dietrich's pregnancy while also caring for their three other children, whereas the emotional damage and hardship of having to live in a hotel room for the last 2.5 months of Ms. Dietrich's pregnancy while also caring for their three other children was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

    e. Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the emotional damage and hardship of having to bring their newborn child back to a hotel room for 3.5 months while also caring for their three other children, whereas the emotional damage and hardship of having to bring their newborn child back to a hotel room for 3.5 months while also caring for their three

other children was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

    f.  Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have had $100.00 in out of pocket costs and Mr. Semler would not have spent 60-70 hours to restore antiques of great sentimental value that were damaged in the electrical fire, whereas the $100.00 in out of pocket costs and 60-70 hours of labor necessary to restore the antiques of great sentimental value was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

COUNT III: OBJECTION TO CONSUMERS ENERGY'S CLAIM #1

42. The Debtors fully incorporate paragraphs 1 – 41.

43. On May 3, 2016, the Debtors filed *pro se* a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code. (DN 01.)

44. On March 31, 2017, an Order was entered converting the case to a case under Chapter 13 of the Bankruptcy Code. (DN 31.)

45. On February 9, 2017, Consumers Energy filed a general unsecured claim in the underlying bankruptcy alleging debts for utility bills in the amount of $13,780.62 ("Claim"). (Claim #1.)

46. On February 21, 2017, the Debtors filed amended schedules for the conversion which listed the debts to Consumers Energy as disputed. (DN 41.)

47. The majority of the Claim is related to utility services the Debtors received while living at the Property.

48. Based on the aforementioned facts and circumstances, and pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3001 and 3007 the Debtors hereby object to Consumers Energy's Claim.

WHEREFORE, for the foregoing reasons, the Debtors respectfully requests this Honorable Court enter judgment for the Debtor against Consumers Energy for the following:

    A.  Actual, incidental, and consequential damages in the amount the Court finds the Debtors are entitled for their injuries and damages, plus attorney fees, interest, and costs;

    B.  Non-economic damages in the amount the Court finds the Debtors are intitled;

    C.  Sustain the Debtors' objection to the Claim #1.

D. Disallow Claim #1 in its entirety.

E. Such other and further relief as the Court may deem just, equitable, and proper.

Respectfully submitted,

DIETRICH LAW FIRM

Dated: 7-11-17

Robert W. Dietrich (P49704)
Attorney for Plaintiff
3815 W. Saint Joseph Street, Ste. A200
Lansing, Michigan 48917
(517) 374-8000
Fax: (517) 374-9080
rwd@DietrichLawFirm.net