UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

ANTHONY V. SEMLER, and
RAQUEL L. DIETRICH                                    Case No. 16-02499
                                                      Chapter 13
            Debtors,

_____/
                                                      Hon. John T. Gregg

ANTHONY V. SEMLER, and
RAQUEL L. DIETRICH,

                                                      Filed:  May 3, 2016
            Plaintiffs,

v.                                                    Adv. Pro. No.  17-80103-jtg

CONSUMERS ENERGY COMPANY,

            Defendant.

---

**DEFENDANT CONSUMERS ENERGY COMPANY'S ANSWER TO THE
ADVERSARY COMPLAINT ON THE DEBTORS' OBJECTION TO CLAIM #1
BY CONSUMERS ENERGY AND COUNTERCLAIM FOR DAMAGES**

       NOW COMES, the Defendant, Consumers Energy Company, through its attorneys, and
submit the following Answer to Debtors'/Plaintiffs' Complaint:

**INTRODUCTION**

1.     This is an adversary proceeding and counterclaim to enforce the Debtors' rights to
recover damages from the Defendant, Consumers Energy Company ("Consumers Energy"), for
the negligence of its agents and employees which were the direct and proximate cause of injury
to the Debtors person and property.

**ANSWER: Denied as untrue.  Plaintiffs have failed to allege any negligence on the part of
Consumers Energy Company beyond mere conclusions and speculation, have included
requests for damages that are expressly barred by Michigan common law, and filed a
lawsuit when there is no cause or origin investigation establishing any defect on Consumers
Energy's electric distribution system even existed.**

## JURISDICTION AND VENUE

2.      The Debtors fully incorporate paragraph 1.

**ANSWER:  Defendant incorporates its response to paragraph 1.**

3.      The adversary proceeding constitutes a core proceeding that is related to the above-captioned Chapter 13 case now pending in the United States Bankruptcy Court. 28 U.S.C.§157(b)(2)(A), (C).

**ANSWER:  Defendant lacks sufficient facts and leaves the Plaintiffs to their proofs.**

4.      Jurisdiction is proper under 28 U.S.C.§157(a) and 2 U.S.C.§1334.

**ANSWER: Defendant lacks sufficient facts and leaves the Plaintiffs to their proofs.**

5.      Venue is proper under 28 U.S.C.§1409(a) and 18 U.S.C.§1391(b)(2).

**ANSWER: Defendant lacks sufficient facts and leaves the Plaintiffs to their proofs.**

6.      The Debtors consent to the entry of a final judgment or order by the Bankruptcy Court. LCivR 83.2(b).

**ANSWER: Defendant lacks sufficient facts and leaves the Plaintiffs to their proofs.**

## PARTIES

7.      The Debtors fully incorporate paragraphs 1 – 6.

**ANSWER: Defendant incorporates its responses to paragraphs 1-6.**

8.      Debtor Anthony V. Semler ("Mr. Semler"), a married man and joint debtor in the above-captioned Chapter 13 bankruptcy case presently pending before this Court, currently resides at 100 N. Oakland St., Saint Johns, MI 48879.

**ANSWER: Defendant lacks sufficient facts and leaves the Plaintiffs to their proofs.**

9.      Debtor Raquel L. Dietrich ("Ms. Dietrich"), a married woman and joint debtor in the above-captioned Chapter 13 bankruptcy case presently pending before this Court, currently resides at 100 N. Oakland St., Saint Johns, MI 48879.

**ANSWER: Defendant lacks sufficient facts and leaves the Plaintiffs to their proofs.**

10.     Consumers Energy is a domestic profit corporation that provided utility services in the Western District of Michigan and is headquartered in Jackson, Michigan.

**ANSWER: Admitted.**

## FACTUAL ALLEGATIONS

11.     The Debtors fully incorporate paragraphs 1 – 10.

**ANSWER: Defendant incorporates its responses to paragraphs 1 through 10.**

12.     At all relevant times, Consumers Energy provided electrical service to the Debtors then residence at 3506 Dexter Trail, Stockbridge, MI 49285 ("Property").

**ANSWER: Defendant lacks sufficient facts as the allegation fails to state with specificity what constitutes "all relevant times"and leaves the Plaintiffs to their proofs.**

13.     At all relevant times, the Debtors resided at the Property.

**ANSWER: Defendant lacks sufficient facts as the allegation fails to state with specificity what constitutes "all relevant times"and leaves the Plaintiffs to their proofs.**

14.     When the Debtors first moved into the Property with their family in 2009, the Debtors received electric bills from Consumers Energy in line with what would be expected for a modest home of approximately 1,361 square feet.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

15.     In 2011, the Debtors began to receive electric bills from Consumers Energy that were multiple times the normal amount despite a lack of change in the amount of electricity they were actually using.

**ANSWER: Defendant lacks sufficient facts as the allegation fails to state with specificity what constitutes "all relevant times"and leaves the Plaintiffs to their proofs.  Responding further, meter testing on the electric meter at the Plaintiffs' address shortly after the alleged fire established it was functioning normally. To the extent bills increased in size it was due to electrical usage by the Plaintiffs within their residence.  Defendant notes that the Plaintiffs were using appliances that could account for a high utility bill including an electric water heater.**

16.     The Debtors disputed the charges and informed Consumers Energy of the problem on a regular basis over the course of the next several years and Consumers Energy employees came out to the home on several occasions, but Consumers Energy took no action to fix the problem.

**ANSWER:   Denied as untrue. Defendants' electric meter was tested and found to be functioning correctly.**

17.     On July 12, 2014, Ms. Dietrich, who at the time was pregnant, went to the first floor electrical panel to reset a breaker, and noticed it was making a slight buzzing noise.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

18.     Because of the noise, Ms. Dietrich did not touch the electrical panel and called over to Mr. Semler to help determine what was going on with the electrical panel.

**ANSWER:  Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

19.     As Mr. Semler approached, the buzzing noise started to get louder, and he quickly moved to try to pull Ms. Dietrich away from the electrical panel.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

20.     Before Mr. Semler could get Ms. Dietrich fully moved out of the way, all of the breakers were blown out of the electrical panel and Ms. Dietrich was hit with an electrical current that threw her against the wall.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

21.     The electrical current also caused an electrical fire that resulted in substantial damage to the Property.

**ANSWER:  Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

22.     On information and belief, it was Consumers Energy's faulty equipment was the actual and proximate cause of this incident.

**ANSWER:  Denied as untrue.  Plaintiffs apparently fail to understand that Consumers Energy's electrical facilities end its electric meter and socket.  The electric panel is customer owned property and to the extent it was in any way defective Consumers would have no liability for any damages resulting from it.**

23.     Consumers Energy had an affirmative duty to reasonably inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects. *Schultz v. Consumers Power Co.,* 443 Mich. 445, 451 (1993).

**ANSWER:   The allegation calls for a legal conclusion and therefore no response is necessary.  Responding further, Consumers Energy's rate book excludes any liability for damages of any kind associated with an unexpected equipment failure.  However, the Utility notes that in this instance, the Plaintiffs have not even identified or alleged any defect or failure of any electrical facility owned or maintained by Consumers Energy.**

24.     Consumers Energy breached its duty of care to the Debtor prevent or reduce the risk of fire and electrocution by failing to properly investigate and repair its malfunctioning equipment after being informed by the Debtors that there was a problem.

**ANSWER:  Denied as untrue.  Consumers Energy has no legal obligation to inspect or maintain the electric panel at the Plaintiffs' home as it is customer owned equipment. The responsibility to do so rests exclusively upon the Plaintiffs.**

25.     Ms. Dietrich went to her OBGYN multiple times over the next few days during which time the Debtors suffered the mental anguish of wondering what affect the incident would have on her pregnancy.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

26.     Ms. Dietrich also suffered a broken toe as a result of the incident.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

27.     The electrical fire caused significant damage to the Property that took approximately six months to fully repair.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

28.     The Debtors were forced to live in a hotel room during the remainder of Ms. Dietrich's pregnancy, of approximately 2.5 months, while also caring for their three other children.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

29.     As a result, after Ms. Dietrich gave birth on September 29, 2014, the Debtors were forced to bring their newborn child back to a hotel for approximately 3.5 additional months, rather than to their own home.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

30.    It took 60-70 hours for Mr. Semler to restore antiques of great sentimental value that had been damaged in the electrical fire with approximately $100.00 in out of pocket costs.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

31.    The Debtors filed an insurance claim with Liberty Mutual. The insurance company covered damages to the Property, personal property, and for the costs of staying at the hotel, but the Debtors were forced to pay their $1,000.00 deductible. (See attached Exhibit A.)

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.**

32.    Additionally, insurance did not cover the resulting pain and suffering from Ms. Selmer's broken toe, mental anguish over the possibility of the electrocution injuring their unborn child, or the emotional damage and hardship from having to live in a hotel with their three young children and later an infant child for a six month period of time, or Mr. Semler having to spend 60-70 hours to restore antiques of great sentimental value.

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and leaves the Plaintiffs to their proofs.  Responding further, Michigan law does not recognize a claim for emotional distress damages arising from property damage.**

## COUNT I: NEGLIGENCE

33.    The Debtors fully incorporate paragraphs 1 – 32.

**ANSWER:  The Defendant incorporates its responses to paragraphs 1 through 32.**

34.    A power company-customer relationship existed between the Debtors and Consumers Energy as Consumers Energy acted as the power company for the Debtors at the Property.

**ANSWER:  Denied in part. A utility account for residential utility service was in existence at the time of loss with Anthony Semler.**

35.    A power company has a duty to reasonably inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects. *Schultz v. Consumers Power Co.,* 443 Mich. 445, 451 (1993).

**ANSWER:   The allegation calls for a legal conclusion and therefore no response is required.**

36.    Based on the aforementioned facts and circumstances, Consumers Energy breached their duties to the Debtors.

**ANSWER:  Denied as untrue.**

37.     Consumers Energy's negligence was the proximate cause of the Debtor's injuries, including but not limited to, the Debtors incurring economic and non-economic damages.

       a.     Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have had to pay the expense of their $1,000.00 insurance deductible, whereas the cost of the Debtors insurance deductible was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER:  Denied as untrue.**

       b.     Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, Ms. Dietrich would not have suffered the pain and suffer from a broken toe, whereas the pain and suffering from Ms. Dietrich breaking her toe was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER:  Denied as untrue.**

       c.     Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the mental anguish over the possibility of injury to the Debtors' then unborn child, whereas the mental anguish over the possibility of injury to the Debtors' then unborn child was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER:  Denied as untrue.**

       d.     Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the emotional damage and hardship of having to live in a hotel room for the last 2.5 months of Ms. Dietrich's pregnancy while also caring for their three other children, whereas the emotional damage and hardship of having to live in a hotel room for the last 2.5 months of Ms. Dietrich's pregnancy while also caring for their three other children was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER:  Denied as untrue.**

       e.     Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the emotional damage and hardship of having to bring their newborn child back to a hotel room for 3.5 months while also caring for their three other children, whereas the emotional damage and hardship of having to bring their newborn child back to a hotel room for 3.5 months while also caring for their three other children was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER:  Denied as untrue.**

f.      Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have had $100.00 out of pocket costs and Mr. Semler would not have spent 60-70 hours to restore antiques of great sentimental value that were damaged in the electrical fire, whereas the $100.00 in out of pocket costs and 60-70 hours of labor necessary to restore the antiques of great sentimental value was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER:  Denied as untrue.**

## COUNT II: NEGLIGENT SUPERVISION

38.     The Debtors fully incorporate paragraphs 1 – 37.

**ANSWER:   Defendant incorporates its responses to the allegations in paragraphs 1 through 37.**

39.     A power company has a duty to reasonably supervise its employees, agents, and/or contractors who inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects. *Schultz* v. *Consumers Power Co.,* 443 Mich. 445,451 (1993).

**ANSWER: No factual allegation is alleged and therefore, no response is required. Responding further, Schultz speaks for itself with regard to the common law obligations imposed upon utility companies.**

40.     Based on the aforementioned facts and circumstances, Consumers Energy breached their duties to the Debtors.

**ANSWER:  Denied as untrue.**

41.     Consumers Energy's negligence was the proximate cause of the Debtor's injuries, including, but not limited to, the Debtors incurring economic and non-economic damages.

**ANSWER:  Denied as untrue.**

a.      Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have had to pay the expense of their $1,000.00 insurance deductible, whereas the cost of the Debtors insurance deductible was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER:  Denied as untrue.**

b.      Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, Ms. Dietrich  would not have suffered the pain and suffer from a broken toe, whereas the pain

and suffering from Ms. Dietrich breaking her toe was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER: Denied as untrue.**

c.    Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the mental anguish over the possibility of injury to the Debtors' then unborn child, whereas the mental anguish over the possibility of injury to the Debtors' then unborn child was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER: Denied as untrue.**

d.    Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the emotional damage and hardship of having to live in a hotel room for the last 2.5 months of Ms. Dietrich's pregnancy while also caring for their three other children, whereas the emotional damage and hardship of having to live in a hotel room for the last 2.5 months of Ms. Dietrich's pregnancy while also caring for their three other children was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER: Denied as untrue.**

e.    Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have suffered the emotional damage and hardship of having to bring their newborn child back to a hotel room for 3.5 months while also caring for their three other children, whereas the emotional damage and hardship of having to bring their newborn child back to a hotel room for 3.5 months while also caring for their three other children was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER: Denied as untrue.**

f.    Consumers Energy's actions, or lack thereof, were a cause in fact of the Debtors' injuries; whereas, but for Consumers Energy's actions, or lack thereof, the Debtors would not have had $100.00 in out of pocket costs and Mr. Semler would not have spent 60-70 hours to restore antiques of great sentimental value that were damaged in the electrical fire, whereas the $100.00 in out of pocket costs and 60-70 hours of labor necessary to restore the antiques of great sentimental value was a foreseeable, natural, and probable result from Consumers Energy's actions, or lack thereof.

**ANSWER: Denied as untrue.**

## COUNT III: OBJECTION TO CONSUMERS ENERGY'S CLAIM #1

42.    The Debtors fully incorporate paragraphs 1 – 41.

**ANSWER:  Defendant incorporates its responses to the allegations in paragraphs 1**

**through 40.**

43.    On May 3, 2016, the Debtors filed *pro se* a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.  (DN 01.)

**ANSWER:    Admitted.**

44.    On March 31, 2017, an Order was entered converting the case to a case under Chapter 13 of the Bankruptcy Code. (DN 31.)

**ANSWER: Admitted.**

45.    On February 9, 2017, Consumers Energy filed a general unsecured claim in the underlying bankruptcy alleging debts for utility bills in the amount of $13,780.62 ("Claim"). (Claim #1.)

**ANSWER: Admitted.**

46.    On February 21, 2017, the Debtors filed amended schedules for the conversion which listed the debts to Consumers Energy as disputed. (DN 41.)

**ANSWER: Defendant lacks sufficient facts to admit or deny the allegation and therefore leaves the Plaintiffs to their proofs.**

47.    The majority of the Claim is related to utility services the Debtors received while living at the Property.

**ANSWER: Admitted.**

48.    Based on the aforementioned facts and circumstances, and pursuant to 11 U.S.C.§ 502 and Fed. R. Bankr. P. 3001 and 3007 the Debtors hereby object to Consumers Energy's Claim.

**ANSWER:  Defendant lacks sufficient facts to admit or deny the allegation and therefore leaves the Plaintiffs to their proofs.**

WHEREFORE, for the foregoing reasons, Consumers Energy Company respectfully requests this Honorable Court enter judgment in its favor dismissing the Debtor adversary proceeding and awarding Consumers Energy Company its costs, attorney fees and any other relief as the Court may deem just, equitable, and proper.

Dated:  August 2, 2017

/s/Jason M. Milstone_____
Jason Milstone (P53769)
Attorney for Defendant
Consumers Energy Company
One Energy Plaza
Jackson, Michigan  49201
(517) 788-1188

**Affirmative Defenses**

Defendant, Consumers Energy Company, by and through its attorneys, submits the following as its Affirmative Defenses to the Plaintiffs' Complaint:

1.      The Plaintiffs have failed to state a claim, in whole or in part, upon which relief can be granted.

2.      The Plaintiffs' claims are barred by the applicable statute of limitations and/or statute of repose.

3.      Defendant is entitled to an apportionment of damages in relation to the degree of fault of all parties, persons, companies or employers, whether joined as co-defendant or not.

4.      The Plaintiffs have failed to mitigate damages.

5.      The Plaintiffs' claims are barred in whole, or in part, due to supervening and/or intervening events or actions of other parties.

6.      Plaintiffs may not recover against Defendant under MCLA 600.2957 because any percentage of fault attributable to Defendant is miniscule or non-existent.

11

7.      Applicable rules of the Michigan Public Service Commission preclude liability on the part of Consumers for the incidents involved in this case.s.

8.      Defendant's Electric Rate Book precludes any liability for Plaintiffs' damages related to a fire or purported electrical event at their property.

9.      There is no evidence the fire was caused by any defect on Consumers Energy's electric distribution system.

10.     Plaintiffs' losses were caused by forces beyond the reasonable control of the Defendant.

11.     Plaintiffs cannot establish causation as the cause of the fire remains unknown.

12.     Plaintiffs can not identify any failure on the part of Consumers Energy to properly maintain its electrical facilities.

13.     Any claim against Consumers Energy would be subject to Tariff Rule C1.1. of Consumers Energy's electric rate book.

14.     Plaintiffs engaged in spoliation by repairing their electric panel and related customer owned electrical facilities without giving Consumers Energy an opportunity to inspect and/or test the panel.

15.     The Defendant reserves the right to amend and/or supplement its affirmative and/or special defenses, as additional defenses may become known through discovery or otherwise.

Dated:  August 2, 2017

/s/Jason M. Milstone_____
Jason Milstone (P53769)
Attorney for Defendant
Consumers Energy Company
One Energy Plaza
Jackson, Michigan  49201
(517) 788-1188